**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION**

PHIEDRA PATTON,

    Plaintiff,                      CASE NO. 05-CV-10268

v.                                      DISTRICT JUDGE THOMAS LUDINGTON
                                          MAGISTRATE JUDGE CHARLES E. BINDER

SBC AMERITECH,

    Defendant.
_____/

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
PURSUANT TO RULE 41(b) OF THE
FEDERAL RULES OF CIVIL PROCEDURE**

**I.    RECOMMENDATION**

**IT IS RECOMMENDED** that the case be **DISMISSED WITH PREJUDICE FOR WANT OF PROSECUTION** pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

**II.    REPORT**

    **A.    Procedural Background**

Plaintiff Patton's employment discrimination complaint was originally filed in Saginaw County (Michigan) Circuit Court; it was removed to this Court on October 13, 2005. On October 24, 2005, U.S. District Judge David M. Lawson referred the case to the undersigned Magistrate Judge for pretrial case management.[1]  (Dkt. 5.)

---

[1] Pursuant to Administrative Order 06-AO-027, this case was reassigned to United States District Judge Thomas L. Ludington on September 12, 2006.  (Dkt. 28.)

In July 2006, the law firm that was representing Plaintiff on a *pro bono* basis filed a motion to withdraw, citing among other reasons that they could no longer "fairly, faithfully and ethically represent Phiedra Patton." (Dkt. 26, Mot. to Withdraw, ¶ 6.) The motion was granted and the case was stayed for 60 days to give Plaintiff an opportunity to obtain new representation. A telephone status conference was scheduled for September 26, 2006. On that date, rather than participate by telephone as directed by the Court, Plaintiff appeared in person for the conference. Chambers staff contacted defense counsel, who participated in the conference by telephone. At that time, Plaintiff asked the Court to stay proceedings so that she could continue her efforts to secure legal representation. Plaintiff stated that she had contacted several attorneys who were reviewing her paperwork and that she had scheduled appointments to meet with those attorneys. Defense counsel did not oppose affording Plaintiff additional time to seek counsel. Therefore, the Court extended the stay for an additional 30 days, but cautioned Plaintiff that the case would have to proceed at the conclusion of the 30-day stay regardless of whether she was able to secure the services of an attorney. In the order extending the stay, all parties were notified that a phone conference would be held on October 30, 2006. (Dkt. 29.) Plaintiff was instructed to provide defense counsel with her telephone number, if she had not already done so, and defense counsel was instructed to set up the conference call.

On October 30, 2006, defense counsel contacted chambers and stated that the telephone number of record for Plaintiff was not a working number. After several attempts, chambers staff was also unable to contact Plaintiff by telephone.

An Order to Show Cause issued on November 7, 2006, instructed Plaintiff to explain by November 17, 2006, why she was unable to either attend the conference or provide an available

2

phone number. (Dkt. 30.) Plaintiff was informed that the failure to respond to the order would result in a report and recommendation that the case be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

The deadline has passed, and Plaintiff failed to respond to the Order to Show Cause.

**B.      Discussion**

When managing cases involving *pro se* litigants, the Court must take into consideration the difficulties an individual faces in bringing forward their case without the benefit of legal representation. However, the Court must also balance the defendant's right to a fair and timely resolution of the litigation, and therefore *pro se* litigants are not to be accorded any special consideration when they fail to adhere to readily-comprehended court deadlines. *See Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991).

Rule 41(b) of the Federal Rules of Civil Procedure gives a court the authority to dismiss a case for "failure of the plaintiff to prosecute or to comply with these rules or any order of the court . . . ." FED. R. CIV. P. 41(b). "This measure is available to the district court as a tool to effect 'management of its docket and avoidance of unnecessary burdens on the tax-supported courts [and] opposing parties.'" *Knoll v. American Telephone & Telegraph Co.,* 176 F.3d 359, 363 (6th Cir. 1999) (quoting *Matter of Sanction of Baker*, 744 F.2d 1438, 1441 (10th Cir.1984)). "Not only may a district court dismiss for want of prosecution upon motion of a defendant, but it may also *sua sponte* dismiss an action whenever necessary to 'achieve the orderly and expeditious disposition of cases.'" *Anthony v. Marion County General Hospital*, 617 F.2d 1164, 1167 (5th Cir. 1980) (quoting *Link v. Wabash Railroad Co.*, 370 U.S. 626, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962)).

3

When deciding whether to dismiss a case for want of prosecution, courts are guided by competing concerns:

> On the one hand, there is the court's need to manage its docket, the public's interest in expeditious resolution of litigation, and the risk of prejudice to a defendant because the plaintiff has failed to actively pursue its claims. . . . On the other hand is the policy which favors disposition of cases on their merits.

*Little v. Yeutter*, 984 F.2d 160, 162 (6th Cir. 1993) (citation omitted).

In this case, Plaintiff was shown leniency after the withdrawal of her counsel in the form of a 60-day stay followed by a 30-day stay.  At the conclusion of that 90-day time period, Plaintiff failed to participate or attend a scheduled conference and failed to submit any response to a court order.  Therefore, I find that she has failed to actively pursue the litigation that she initiated, and recommend that the case be *sua sponte* dismissed for failure to prosecute.

### III.   REVIEW

The parties to this action may object to and seek review of this Report and Recommendation within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1)(C). Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation.  *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*,

829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

                                                 s/ *Charles E. Binder*
                                                 CHARLES E. BINDER
Dated: December 11, 2006                    United States Magistrate Judge

## CERTIFICATION

I hereby certify that this Report and Recommendation was electronically filed this date, electronically served on Emily Petroski and Albert Calille, served on Phiedra Patton by first class mail, and served on Judge Ludington in the traditional manner.

Date: December 11, 2006               By    s/Jean L. Broucek
                                                      Case Manager to Magistrate Judge Binder