UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

PHIEDRA PATTON,

        Plaintiff,

                                      Case Number 05-10268-BC

v.                                    Honorable Thomas L. Ludington

SBC AMERITECH,

        Defendant.
_____/

## ORDER DENYING PLAINTIFF'S MOTION TO REVERSE OR OVERTURN DISMISSAL OF CIVIL CASE

This matter is before the Court on Plaintiff Phiedra Patton's motion to reverse or overturn dismissal of civil case pursuant to FEDERAL RULE OF CIVIL PROCEDURE 60. On December 11, 2006, Magistrate Judge Charles E. Binder issued a report and recommendation recommending the Court dismiss Plaintiff's complaint with prejudice for want of prosecution. Plaintiff did not file an objection to the report and recommendation. On January 16, 2007, this Court adopted the magistrate judge's report and recommendation and dismissed the case. Plaintiff filed the instant motion to reverse the dismissal of the case on November 1, 2007. Defendant SBC Ameritech filed a response opposing Plaintiff's motion.

On June 16, 2005, Plaintiff filed a *pro per* complaint in the Circuit Court for the County of Saginaw, Michigan alleging race and disability discrimination against Defendant, her former employer. On October 13, 2005, Defendant removed the action to this Court pursuant to 28 U.S.C. § 1441. The notice of removal listed Plaintiff's address as 2449 Benjamin Street, Saginaw, Michigan 48602.

On December 9, 2005, the magistrate judge heard oral arguments regarding a motion for

more definite statement filed by Defendant. Plaintiff, *pro se,* attended and argued in opposition to that motion.

On January 3, 2006, Thomas W. Stephens, *Esq.* and Christopher J Trainor, *Esq.* filed appearances on behalf of Plaintiff. Plaintiff's counsel filed an amended complaint and the matter proceeded to discovery. According to Magistrate Judge Binder the following occurred:

> In July 2006, the law firm that was representing Plaintiff on a pro bono basis filed a motion to withdraw, citing among other reasons that they could no longer "fairly, faithfully and ethically represent Phiedra Patton." (Dkt. 26, Mot. to Withdraw, ¶ 6.) The motion was granted and the case was stayed for 60 days to give Plaintiff an opportunity to obtain new representation. A telephone status conference was scheduled for September 26, 2006. On that date, rather than participate by telephone as directed by the Court, Plaintiff appeared in person for the conference. Chambers staff contacted defense counsel, who participated in the conference by telephone. At that time, Plaintiff asked the Court to stay proceedings so that she could continue her efforts to secure legal representation. Plaintiff stated that she had contacted several attorneys who were reviewing her paperwork and that she had scheduled appointments to meet with those attorneys. Defense counsel did not oppose affording Plaintiff additional time to seek counsel. Therefore, the Court extended the stay for an additional 30 days, but cautioned Plaintiff that the case would have to proceed at the conclusion of the 30-day stay regardless of whether she was able to secure the services of an attorney. In the order extending the stay, all parties were notified that a phone conference would be held on October 30, 2006. (Dkt. 29.) Plaintiff was instructed to provide defense counsel with her telephone number, if she had not already done so, and defense counsel was instructed to set up the conference call.
>
> On October 30, 2006, defense counsel contacted chambers and stated that the telephone number of record for Plaintiff was not a working number. After several attempts, chambers staff was also unable to contact Plaintiff by telephone.
>
> An Order to Show Cause issued on November 7, 2006, instructed Plaintiff to explain by November 17, 2006, why she was unable to either attend the conference or provide an available phone number. (Dkt. 30.) Plaintiff was informed that the failure to respond to the order would result in a report and recommendation that the case be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.
>
> The deadline has passed, and Plaintiff failed to respond to the Order to Show Cause.

*Dkt. # 31* at 2-3. As stated above, Magistrate Judge Binder recommended dismissal of the case,

which the Court adopted.

Plaintiff filed the instant motion contending that the Court should vacate judgment due to clerical error. FED. R. CIV. P. 60(a). Plaintiff asserts that the Court made a clerical error by using an incorrect mailing address for the purposes of notice. According to the instant motion, her correct address at the time the Court adopted the report and recommendation was 2947 Yauck Avenue, Saginaw, Michigan 48601, and not the Benjamin Street address. Plaintiff contends that Defendant should have attained her correct mailing address by contacting Plaintiff's former counsel or contacting "its own clients 'SBC/AT&T Communications' who provides phone service for millions of customers, or easier still opening the white pages themselves."

A *pro se* litigant is "entitled to a hard copy of any paper electronically filed," served in a manner as set forth by the FEDERAL RULES OF CIVIL PROCEDURE." E.D. Mich. LR Appx. ECF 8(e). A summons filed in a district court must include the name and address of the plaintiff, if unrepresented by counsel. FED. R. CIV. P. 4(c). A paper is served if the paper is mailed to "the person's last known address." FED. R. CIV. P. 5(b)(2)(C). Plaintiff asserts that she is entitled to relief under subsection (a), which permits the Court to "correct a clerical mistake or oversight or omission whenever one is found in a judgment, order, or other part of the record." Fed. R. Civ. P. 60(a).

Plaintiff contends that the Court committed a typographical error by mailing its orders to the Benjamin Street address. After Defendant removed this matter from state court to this Court, the Court and Defendant served papers via U.S. Mail to the Benjamin Street address. There is no indication in the record or in Plaintiff's motion, that the Benjamin Street address was incorrect at that time. Plaintiff then obtained counsel, which received service via the electronic docketing

system. After counsel withdrew from the matter, Plaintiff contends that the Court and Defendant should have served all papers via U.S. Mail to the Yauck Avenue address.

In support of this notion, Plaintiff contends that Defendant was aware of the new address as Plaintiff stated that the Yauck Avenue address was her current address in an interrogatory response and at her deposition. Additionally, Plaintiff contends that the Court and Defendant should have been aware of the Yauck Avenue address because it was listed as Plaintiff's address in the certificate of service of her counsel's motion to withdraw.

The Court finds that it did not act in error. The burden is on the Plaintiff, even a *pro se* Plaintiff, to provide the Court with her correct address. See FED. R. CIV. P. 4. Moreover, any knowledge that Defendant had of the Yauck Avenue address is moot. First, Rule 60(a) relates to the Court's clerical mistake. Second, Plaintiff contends that she never received the Court's orders. Defendant was not responsible for serving them on Plaintiff. Thus, the Court does not find that a clerical mistake has occurred.

In light of the fact that Plaintiff is before the Court as a *pro se* litigant, the Court will also view her motion as requesting relief under subsection (b). Rule 60 permits the Court to relieve a party from a final judgment on the grounds of "mistake, inadvertence, surprise, or excusable neglect." FED. R. CIV. P. 60(b)(1). A party's gross carelessness, ignorance of the rules, or ignorance of the law will not justify relief under Rule 60(b)(1). *FHC Equities, L.L.C., v. MBL Life Assur. Corp.*, 188 F.3d 678, 685 (6th Cir. 1999); See also *Saxion v. Titan-C-Manufacturing, Inc.*, 86 F.3d 553, 558 fn. 1 (6th Cir. 1996). Additionally, a Rule 60(b)(1) motion must be made within a "reasonable time" of the final judgment, but no more than one year.[1]

---

[1] Here, Plaintiff filed her Rule 60 motion within one year, as the Court entered Judgment on January 16, 2007 and Plaintiff filed her motion on November 1, 2007.

Assuming that Plaintiff contends that her failure to update her address for service was excusable neglect because she is unfamiliar with the Court's procedures, the Court does not find her neglect to be excusable. It is uncontested that Plaintiff was aware that her legal counsel withdrew in July of 2006. The Court granted Plaintiff a sixty day stay in order to obtain counsel. Plaintiff attended the September 26, 2006 status conference in person. At that status conference, the magistrate judge provided Plaintiff an additional thirty day stay in order to obtain counsel. The magistrate judge issued an order extending the stay and setting an additional status conference. Plaintiff did not appear, nor respond to the order to show cause.

In her motion, Plaintiff contends that she only became aware of the September 26 status conference on September 25 when her former counsel notified her of the status conference. Plaintiff does not contend, nor does the record indicate, that Plaintiff informed the magistrate judge that she had not received notice of the status conference. Instead, she personally attended the conference, and requested a thirty day extension that the magistrate judge granted. Moreover, the magistrate judge informed Plaintiff that if she did not obtain counsel, then the matter would proceed without counsel at the conclusion of thirty days. Thus, Plaintiff failed to demonstrate that her neglect was excusable when she did not inform the Court that she had a new address, had not received notice of the status conference, and did not inquire as to the status of her litigation despite the fact that the thirty day stay expired.

Additionally, the Court finds that she did not bring her motion within a reasonable time. After Plaintiff attended the September 26 status conference, Plaintiff did not contact the Court until she filed the instant motion on November 1, 2007. Thus, Plaintiff did not take any action in this matter for over thirteen months, despite the fact that she attended the September 26 status conference

in which the court extended the stay only thirty days. The fact that Plaintiff is a *pro se* litigant does not persuade the Court that her recent motion was within a reasonable time. Plaintiff has demonstrated adequate ability to sufficiently manage her case. She filed her original complaint in state court, obtained counsel, and attended the status conference in person. Her actions demonstrate her competence and indicate to the Court that a thirteen month period of inaction is unreasonable.

Accordingly, it is **ORDERED** that Plaintiffs' motion to reverse or overturn dismall (sic) of civil case [dkt. # 34] is **DENIED**.

s/Thomas L. Ludington  
THOMAS L. LUDINGTON  
United States District Judge

Dated: December 10, 2007

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on December 10, 2007.

s/Tracy A. Jacobs  
TRACY A. JACOBS

---