UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

PHIEDRA PATTON,

        Plaintiff,

                                      Case Number 05-10268-BC
v.                                       Honorable Thomas L. Ludington

SBC AMERITECH,

        Defendant.
_____/

**ORDER GRANTING PLAINTIFF'S MOTION TO APPEAL IN FORMA PAUPERIS, DENYING PLAINTIFF'S MOTION "TO SET RECORD STRAIGHT," AND DENYING PLAINTIFF'S MOTION "TO ORDER OR NOT ORDER TRANSCRIPTS AS MOOT**

      This matter is before the Court on Plaintiff Phiedra Patton's various motions. On December 11, 2006, Magistrate Judge Charles E. Binder issued a report and recommendation recommending the Court dismiss Plaintiff's complaint with prejudice for want of prosecution. Dkt. # 31. Plaintiff did not file an objection to the report and recommendation. On January 16, 2007, this Court adopted the magistrate judge's report and recommendation and entered judgment dismissing the matter. Dkt. # 32-33. On November 1, 2007, Plaintiff filed a motion to reverse the dismissal of the case contending that she did not receive notice of the report and recommendation. Dkt. # 34. The Court considered Plaintiff's motion to reverse or overturn dismissal of civil case pursuant to FED. R. CIV. P. 60 and issued an order denying Plaintiff's motion on December 10, 2007. Dkt. # 37.

      On January 15, 2008, Plaintiff filed a notice of appeal application to proceed in forma pauperis. Dkt. # 39. On January 17, 2008, Plaintiff filed a motion "to correct the Court's mistake within document 37 to thus set the record straight." Dkt. # 42. Additionally, Plaintiff filed a motion "to order or not order transcripts." Dkt. # 43.

      First, the Court concludes that Plaintiff's application to proceed in forma pauperis meets the

requirements of 28 U.S.C. § 1915. An appeal may be taken in forma pauperis if the appeal is taken in "good faith." 28 U.S.C. § 1915(a). "Good faith" requires a showing that the issues are arguable on the merits and are, therefore, not frivolous; it does not require a showing of probable success. *Harkins v. Roberts*, 935 F. Supp. 871, 873 (S.D. Miss. 1996) (quoting *Howard v. King*, 707 F.2d 215, 219-20 (5th Cir. 1983)). "If the district court can discern the existence of any nonfrivolous issue on appeal, the movant's petition to appeal in forma pauperis must be granted." *Harkins*, 935 F. Supp. at 873.

Plaintiff's affidavit contends that the Court erred in denying Plaintiff's motion to overturn. Despite the Court's view of the improbability of Petitioner's success on appeal, it is not inconceivable that Petitioner could succeed on the merits. Therefore, the appeal is not frivolous and taken in good faith.

An indigent litigant seeking to proceed in forma pauperis must file an affidavit that includes a statement of that person's assets and his inability to pay fees. See 28 U.S.C. § 1915(a)(1). If the Court grants the motion to proceed in forma pauperis, the litigant is excused from prepayment of filing fees. Id.

Plaintiff's affidavit indicating that her total monthly income is between $571.00 and $925.00, with her total monthly expenses at $985. Plaintiff has adequately demonstrated that she meets the financial requirements to proceed in forma pauperis. Thus, the Court will grant Plaintiff's motion.

Next, Plaintiff filed the motion "to correct Court's mistakes within document 37 to thus set the record straight." Dkt. # 42. Plaintiff's motion does not clearly indicate, in the Court's view, the relief she seeks. The Court believes that Plaintiff's primary contention is that the Court incorrectly characterized her motion to overturn dismissal, Dkt. # 34, as seeking relief under FED. R. CIV. P.

60(a), instead of FED. R. CIV. P. 60(b). "Plaintiff as Court purports *did not* and *does not* contend that Court should vacate its judgment [a]ccording to Fed. R Civ. P [sic] 60(a) *but* [a]ccording to Fed R Civ P 60(b) [sic]." Dkt. # 42 at 4. Upon review of the Court's December 10, 2007 order, the Court considered Plaintiff's motion to overturn dismissal pursuant to both Rule 60(a) and 60(b). See Dkt. # 37 at 4-5. As such, the Court is unable to recognize a legal or factual basis to provide Plaintiff any relief. Thus, the Court will deny Plaintiff's motion.

Finally, Plaintiff filed a "motion to order or not order transcripts," which merely states "no transcripts being ordered." On appeal, it is the appellant's duty to order necessary transcripts from the district court. FED. R. APP. P. 10(b)(1). Plaintiff, a pro se litigant, filed the motion despite her contention that she does not require additional transcripts. Thus, the motion is moot and the Court will deny it as such.

Accordingly, it is **ORDERED** that Plaintiff's application to proceed in forma pauperis [Dkt. # 41] is **GRANTED**.

It is further **ORDERED** that Plaintiff's motion "to thus set the record straight"[Dkt. # 42]is **DENIED**.

It is further **ORDERED** that Plaintiff's motion"to order or not order transcripts" [Dkt. # 43] is **DENIED** is moot.

    s/Thomas L. Ludington
    THOMAS L. LUDINGTON
    United States District Judge

Dated: January 23, 2008

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on January 23, 2008.

                                       s/Tracy A. Jacobs
                                       TRACY A. JACOBS