UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

PHIEDRA PATTON,

        Plaintiff,

v.

        Case Number 05-10268-BC
        Honorable Thomas L. Ludington

SBC AMERITECH,

        Defendant.
_____/

## ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION

On June 16, 2005, Plaintiff Phiedra Patton ("Plaintiff") commenced this pro se action in Saginaw County Circuit Court alleging that her former employer, Defendant SBC Ameritech ("Defendant"), discriminated against her on the basis of her race and disability. Defendant removed the matter to this Court on October 13, 2005. In January of 2006, Plaintiff retained counsel. After conducting discovery, counsel moved to withdraw because the attorney-client relationship had "deteriorated." Dkt. # 26 at 2. This Court referred the motion to Magistrate Judge Charles E. Binder. On July 17, 2006, Judge Binder granted the motion to withdraw and stayed the case for sixty days to allow Plaintiff an opportunity to retain new representation.

On September 26, 2006, Judge Binder extended the stay an additional thirty days to allow Plaintiff further opportunity to retain counsel after holding a telephone conference with the parties. On October 30, 2006, Judge Binder held another telephone conference, at which Plaintiff did not appear. Despite efforts by Defendant and Judge Binder, Plaintiff was unable to be reached. Apparently, the telephone number that Plaintiff had provided to the Court was no longer in service. In response, Judge Binder issued an Order to Show Cause why Plaintiff did not appear by telephone at the conference. Plaintiff did not respond to the Order to Show Cause, and Judge Binder issued

a report and recommendation that the case should be dismissed pursuant to Federal Rule of Civil Procedure 41(b) on December 11, 2006. Plaintiff did not file an objection to the report and recommendation. On January 16, 2007, this Court adopted the report and recommendation and entered judgment in favor of Defendant.

On November 1, 2007, Plaintiff filed a motion for relief from the Court's judgment pursuant to Federal Rule of Civil Procedure 60. Dkt. # 34. In that motion, Plaintiff cited subsection (a) and quoted portions of subsection (b) of the Rule.[1] As a result, the Court considered Plaintiff's motion as requesting relief under both subsections. In her Rule 60 motion, Plaintiff asserted that the Court served previous notices and orders to the wrong address after July of 2006. Moreover, she contends that the Court and Defendant were aware of the correct address because her then current address was included in a certificate of service and discovery material. Thus, the Court should vacate the order dismissing the case and the judgment because she never received notice of pertinent Court orders.

The Court denied Plaintiff's motion concluding that: (1) Plaintiff was not entitled to relief

---

[1]Federal Rule of Civil Procedure 60 provides as follows:
(a) Corrections Based on Clerical Mistakes; Oversights and Omissions. The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record . . .
(b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
(1) mistake, inadvertence, surprise, or excusable neglect;
(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
(4) the judgment is void;
(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
(6) any other reason that justifies relief.
(c) Timing and Effect of Motion.
(1) Timing. A motion under Rule 60(b) must be made within a reasonable time--and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding.

under Rule 60(a) because the address of record used by the Court was not the result of clerical error; and (2) Plaintiff was not entitled to relief under Rule 60(b) because she did not demonstrate that her neglect was excusable. Dkt. # 37. The Court also concluded that Plaintiff had not brought her Rule 60 motion within a reasonable time. *Id.*

On December 21, 2007, Plaintiff filed "an objection to Court's order to deny [Plaintiff's] motion to reverse or overturn dismall [sic] of civil case." Plaintiff's filing was considered to be duplicative of her Rule 60 motion and the Court did not take action.

In January of 2008, Plaintiff submitted three additional filings, including a motion "to Court's order ((DOC 37 dated 12-10-2007)) [sic] to deny Plaintiff's motion to reverse or overturn dismall [sic] of civil case: Plaintiff yet seeks relief from this order and further seeks to correct Court's mistakes within document 37 to thus set the record straight." Dkt. # 42. In that motion, Plaintiff asserted that the Court incorrectly evaluated her motion under Rule 60(a), instead of Rule 60(b). The Court denied the motion, concluding that: (1) "Plaintiff's motion [Dkt. # 42] did not clearly indicate . . . the relief she seeks," and (2) that, in any event, the Court's December 10, 2007 order evaluated Plaintiff's motion to overturn judgment under Rule 60(a) and (b). Therefore, the Court denied the motion.

Plaintiff also appealed the December 10, 2007 order to the United States Court of Appeals for the Sixth Circuit in January of 2008. On May 2, 2008, the Sixth Circuit issued an order holding Plaintiff's appeal in abeyance. The Sixth Circuit concluded that Plaintiff's objection was, in fact, a motion for reconsideration. Before proceeding with Plaintiff's appeal, the Sixth Circuit remanded the matter to this Court "for the limited purpose of ruling on the December 21, 2007 . . . motion." Dkt. # 45 at 2. Thus, Plaintiff's objection [Dkt. # 38], construed as a motion for reconsideration, is

presently before the Court for consideration.

The Court will grant a motion for reconsideration if the moving party shows a "palpable defect" that misled the Court and the parties, and correcting the defect will result in a different disposition of the case. E.D. Mich. LR 7.1(g)(3). A "palpable defect" is a defect which is obvious, clear, unmistakable, manifest, or plain. *Fleck v. Titan Tire Corp.,* 177 F. Supp. 2d 605, 624 (E.D. Mich. 2001). The Local Rules provide that any "motion for rehearing or reconsideration which merely present the same issues ruled upon by the Court, either expressly or by reasonable implication, shall not be granted." E.D. Mich. LR 7.1(g)(3).

As discussed in the December 10, 2007 order, Plaintiff's primary contention is that the Court made an error when it did not update Plaintiff's address of record. Plaintiff's initial address of record was a Benjamin Street address. Plaintiff contends that her counsel informed the Court of Plaintiff's new address, a Yauck Street address, when counsel filed the motion for withdrawal. Plaintiff's motion for reconsideration asserts the following argument: "Also Plaintiff's Counsel made Court aware of Plaintiff's new address [in] July 2006. Therefore Plaintiff is 100 percent certain Clerk made clerical err [sic] mailing Plaintiff after July to an address other than 2947 Yuack [sic] Rd. Saginaw, as Court should also be aware." Dkt. # 38 at 2 (emphasis omitted). The motion to withdraw, filed by Plaintiff's then counsel, contained the following certificate of service:

> I hereby certify that on July 11, 2006, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following: [Defendant's Counsel] and **I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants: Phiedra Patton 2947 Yauck Saginaw, MI 48601**[.]

Dkt. # 26 at 3 (emphasis added). Plaintiff asserts that the Clerk should have interpreted the address in the certificate of service as a notice of change of address. It is unreasonable to expect the Clerk

-4-

of Court to cross-check the certificates of service with the address of record to ensure its accuracy. On the other hand, a party needs to only file a notice of change of address to notify the Court that a new address for service is requested. That being the case, Plaintiff has not demonstrated that a clerical mistake occurred under Rule 60(a).

To the extent that Plaintiff asserts that she is entitled to relief under Rule 60(b), she has not demonstrated a palpable defect in the Court's earlier reasoning. In the December 10, 2007 order, the Court provided the following analysis:

> In light of the fact that Plaintiff is before the Court as a *pro se* litigant, the Court will also view her motion as requesting relief under subsection (b). Rule 60 permits the Court to relieve a party from a final judgment on the grounds of "mistake, inadvertence, surprise, or excusable neglect." FED. R. CIV. P. 60(b)(1). A party's gross carelessness, ignorance of the rules, or ignorance of the law will not justify relief under Rule 60(b)(1). *FHC Equities, L.L.C., v. MBL Life Assur. Corp.*, 188 F.3d 678, 685 (6th Cir. 1999); See also *Saxion v. Titan-C-Manufacturing, Inc.*, 86 F.3d 553, 558 fn. 1 (6th Cir. 1996). Additionally, a Rule 60(b)(1) motion must be made within a "reasonable time" of the final judgment, but no more than one year.[2]
>
> Assuming that Plaintiff contends that her failure to update her address for service was excusable neglect because she is unfamiliar with the Court's procedures, the Court does not find her neglect to be excusable. It is uncontested that Plaintiff was aware that her legal counsel withdrew in July of 2006. The Court granted Plaintiff a sixty day stay in order to obtain counsel. Plaintiff attended the September 26, 2006 status conference in person. At that status conference, the magistrate judge provided Plaintiff an additional thirty day stay in order to obtain counsel. The magistrate judge issued an order extending the stay and setting an additional status conference. Plaintiff did not appear, nor respond to the order to show cause.
>
> In her motion, Plaintiff contends that she only became aware of the September 26 status conference on September 25 when her former counsel notified her of the status conference. Plaintiff does not contend, nor does the record indicate, that Plaintiff informed the magistrate judge that she had not received notice of the status conference. Instead, she personally attended the conference, and requested a thirty day extension that the magistrate judge granted. Moreover, the magistrate

---

[2] Here, Plaintiff filed her Rule 60 motion within one year, as the Court entered Judgment on January 16, 2007 and Plaintiff filed her motion on November 1, 2007.

> judge informed Plaintiff that if she did not obtain counsel, then the matter would proceed without counsel at the conclusion of thirty days. Thus, Plaintiff failed to demonstrate that her neglect was excusable when she did not inform the Court that she had a new address, had not received notice of the status conference, and did not inquire as to the status of her litigation despite the fact that the thirty day stay expired.
>
> Additionally, the Court finds that she did not bring her motion within a reasonable time. After Plaintiff attended the September 26 status conference, Plaintiff did not contact the Court until she filed the instant motion on November 1, 2007. Thus, Plaintiff did not take any action in this matter for over thirteen months, despite the fact that she attended the September 26 status conference in which the court extended the stay only thirty days. The fact that Plaintiff is a *pro se* litigant does not persuade the Court that her recent motion was within reasonable time. Plaintiff has demonstrated adequate ability to sufficiently manage her case. She filed her original complaint in state court, obtained counsel, and attended the status conference in person. Her actions demonstrate her competence and indicate to the Court that a thirteen month period of inaction is unreasonable.

Dkt. # 37. Upon review, the Court acknowledges that it incorrectly found that Plaintiff attended the September 26, 2006 status conference in person, rather than via telephone. This error is not a palpable defect that convinces the Court its earlier reasoning was incorrect. Ultimately, Plaintiff has not demonstrated that the Clerk of Court committed a clerical error under Rule 60(a) or that her neglect was justifiable under Rule 60(b) such that the Court should amend its December 10, 2007 order.

Accordingly, it is **ORDERED** that Plaintiff's motion for reconsideration (captioned as "Plaintiff's objection to order") [Dkt. # 38] is **DENIED**.

It is further **ORDERED** that the hearing scheduled for July 15, 2008 at 3:30 p.m. is **CANCELLED**.

                                           s/Thomas L. Ludington
                                           THOMAS L. LUDINGTON
                                           United States District Judge

Dated: June 30, 2008

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on June 30, 2008.

                                s/Tracy A. Jacobs
                                TRACY A. JACOBS